UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    Petitioner,

v.                                       Case No.: 8:12-MC-121-T-33EAJ

**BORIS R. ERICKSON,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court are the Government's **Petition to Enforce Internal Revenue Service Summons** (Dkt. 1), two **Declarations** of Revenue Officer John W. Shatraw ("Officer Shatraw") (Dkt. 1 at 5-10), and two **Summonses** attached thereto (Dkt. 1 at 11-15). It is recommended that the petition to enforce the summons be **GRANTED**.

## Background

Officer Shatraw is investigating the tax liability of Respondent Boris R. Erickson ("Respondent") for years 2006, 2007, 2008, 2009, and 2010. On January 19, 2012, Officer Shatraw personally served Respondent with two summonses.[1] The summonses directed Respondent to appear before Officer Shatraw on February 15, 2012 to give testimony and to provide certain books, records, papers, and other data. After Respondent failed to appear as directed, Petitioner filed the present petition to enforce the summons. See 26 U.S.C. §§ 7402(b), 7604(a) (conferring jurisdiction on the United States district courts to enforce IRS summonses).

---

[1] One summons pertains to an IRS investigation for the collection of federal income tax liability for the year 2006. The other summons is related to an IRS investigation of Respondent's individual tax liabilities for the years 2007, 2008, 2009, and 2010.

On October 1, 2012 , the Court entered an Order to Show Cause directing Respondent to appear on November 27, 2012 and answer why he should not be compelled to obey the IRS summons. (Dkt. 2) On October 16, 2012, Respondent filed a statement making certain arguments,[2] yet asserting that he would submit all books and records in his possession. (Dkt. 5 ) However, at the November 27, 2012 hearing, Petitioner stated that no books or records had been provided. Respondent appeared at the hearing, and Officer Shatraw identified him as the individual who was personally served with the two summonses.

### Summons enforcement

For the purpose of ascertaining the correctness of any return or determining a person's tax liability, the Secretary of the Treasury is authorized to "examine any books, papers, records, or other data which may be relevant or material to such inquiry" and to summon the person liable for such tax, or an officer or employee of such person, to appear before the Secretary and to "produce such books, papers, records, or other data, and to give such testimony, under oath, as may be  relevant or material to such inquiry." 26 U.S.C. § 7602(a).  A district court has jurisdiction to "compel such attendance, testimony, or production of books, papers, records, or other data." Id. at § 7604(a).

To enforce a summons, the Petitioner must make a preliminary showing that: (1) the summons was issued for a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the appropriate administrative steps have been followed.  U.S. v. Centennial Builders, Inc., 747 F.2d

---

[2] In his October 16, 2012 statement entitled "Libel of Review," Respondent contends that his case should be heard in Admiralty Jurisdiction, that he did not intend to become a citizen of the United States, and that he has never declared under oath that he supports the U.S. Constitution. Respondent also accused the IRS and certain individuals of infanticide and genocide and stated that the IRS was engaged in piracy. (Dkt. 5)

678, 680 (11th Cir. 1984) (citing U.S. v. Powell, 379 U.S. 48, 57-58 (1964)).

Petitioner has satisfied the preliminary requirements in this case. At the November 27, 2012 hearing, Officer Shatraw testified that the summons was issued for the legitimate purpose of bringing Respondent into full compliance with the tax laws and that the information sought is relevant to that purpose. Furthermore, although some information is already within the possession of the IRS, Officer Shatraw stated that additional records are needed and that the IRS has followed all administrative requirements. Officer Shatraw affirmed that, to his knowledge, there has been no Department of Justice referral in this case.

Although Respondent suggested at the hearing that the only documents he had to produce were personal identification documents such as a birth certificate and a social security card, Respondent has failed to demonstrate any valid basis for challenging the IRS summonses. See U.S. v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008) (citation omitted) (explaining that the validity of the tax assessment is not at issue in a proceeding to enforce an IRS summons); U.S. v. Hartman, 915 F. Supp. 1227, 1230 (M.D. Fla. 1996) (explaining that no showing of tax liability is required for issuance of a summons; IRS revenue officers are authorized to serve summonses under the authority of the United States) (citations omitted).

Therefore, as the requirements for summons enforcement are met in this case, and Respondent has had an opportunity to show cause to the contrary, it is recommended that the petition to enforce the summons be granted. Accordingly, and upon consideration, it is **RECOMMENDED** that:

    (1)    the Petition to Enforce Internal Revenue Service Summons (Dkt. 1) be **GRANTED**; and

  (2)  the IRS summonses be **ENFORCED** as issued, and that Respondent be directed to comply as provided in the summonses.

**Date: November 28, 2012**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

  Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

  Any party objecting to the factual findings in this report and recommendation shall file with the objections a copy of the hearing transcript and provide specific citations to relevant portions of the transcript.