```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA,

        Petitioner,

v.                              Case No. 8:12-mc-121-T-33EAJ

BORIS R. ERICKSON,

        Respondent.
_____/

**ORDER**

This cause is before the Court pursuant to the Internal Revenue Service's Motion for Mental Examination Pursuant to Fed. R. Civ. P. 35 filed on May 28, 2014. (Doc. # 27). Boris R. Erickson filed a non-responsive, incoherent response that did not appear to oppose the Motion on June 12, 2014. (Doc. # 30). For the reasons stated below, the Court grants the Motion.

**I.**    **Background**

The IRS initiated this action on September 21, 2012, by filing a Petition to Enforce IRS Summons. (Doc. # 1). The IRS's Petition was supported by the Declaration of Revenue Officer John W. Shatraw (Id. at 8-10), among other things. The IRS seeks tax information from Erickson for tax years 2006, through 2010. On October 1, 2012, the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, entered an Order to Show Cause (Doc. # 2), directing Erickson to

respond to the IRS Summons within twenty days. The Order noted: "If Respondent objects to the Summons, then Respondent shall appear before the Undersigned on Tuesday, November 27, 2012 . . . to show cause why Respondent should not be compelled to comply with the IRS Summons." (Id. at 2).

Erickson appeared before Judge Jenkins on November 27, 2012, and pursuant to that hearing, Judge Jenkins issued a Report and Recommendation (Doc. # 8), in which she recommended that "the IRS summonses be enforced as issued, and that Respondent be directed to comply as provided in the summonses." (Id. at 4). No objections to the Report and Recommendation were filed, and on January 7, 2013, this Court entered an Order (Doc. # 9) adopting the Report and Recommendation. In that order the Court also ruled:

> Respondent shall appear before Revenue Officer John W. Shatraw or any other designated officer of the Internal Revenue Service, at the date, time, and place, hereafter fixed by Revenue Officer Shatraw, or his designee, to give testimony and produce for examination and copying the books, records, papers, and other data as demanded by the relevant summons. Failure to timely and completely comply with the terms of this Order may lead to the initiation of contempt proceedings.

(Id. at 3). The Clerk entered a Judgment in favor of the IRS and against Erickson on January 7, 2013. (Doc. # 10).

Thereafter, on December 17, 2013, the IRS moved for an order to show cause why Erickson should not be held in

contempt because he failed to produce the books, records, and other data demanded by the IRS. (Doc. # 12). The IRS, once again, supported its motion with the Declaration of Revenue Officer Shatraw. (Doc. # 12-1). Judge Jenkins entered an Order to Show Cause on January 15, 2014, and commanded Erickson to appear at a hearing before this Court on February 13, 2014. (Doc. # 13).

In response, Erickson filed dubious, incoherent, and nonresponsive documents. (Doc. ## 15-17). This Court held contempt hearings on February 13, 2014, and May 22, 2014, but could not resolve the matter because the IRS raised an issue regarding Erickson's competency. (Doc. # 23). According to the IRS, numerous state court tribunals have found Erickson incompetent to proceed in a variety of prosecutions ranging from 2005, to 2010, such as scheming to defraud, issuing a worthless check, failing to appear, and resisting an officer without violence as well as for traffic violations and drug charges. (See Doc. # 25). At this juncture, the IRS seeks a mental examination of Erickson pursuant to Rule 35, Fed. R. Civ. P.

**II. Legal Standard: Orders for a Mental Examination**

Fed. R. Civ. P. 35(a)(1) outlines the requirements for ordering a mental examination:

3

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

The Rule also dictates that any order granting such an examination:

> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(2).

### III. "In Controversy" and "Good Cause" Requirements

The IRS claims that Erickson has placed his mental condition in controversy through "his filings with the Court, his incoherent arguments to the Court at hearings and the fact that judges from the State of Florida have found him to be incompetent." (Doc. # 27 at 4). Furthermore, given Erickson's filings and appearances in this action, the IRS claims its Motion is supported by good cause.

Erickson's "Notice of Libel for Review" consists of "sovereign citizen-type arguments," indicating that the case should be heard under Admiralty law, that he did not "intend to become a citizen of the U.S." or to take an oath supporting the United States Constitution, and that "the IRS was engaged

4

in piracy." (Doc. # 27 at 4-5) (citing Doc. # 5). Erickson has also denied his involvement in this suit, claimed to be a foreign agent, "filed an 'Indictment' alleging . . . misprision of a felony, embezzlement, terrorism and involuntary servitude," and filed a Bible as an exhibit. (Id. at 5) (citing Doc. # 21; Doc. # 19; Doc. # 18; Doc. # 16; Doc. # 15; Doc. # 12). Furthermore, the IRS contends that the state court findings of Erickson's incompetence show "that there has been more than an allegation of a specific mental or psychiatric injury or disorder." (Doc. # 27 at 5) (internal quotations omitted).

In light of Erickson's filings and conduct in this Court and taking into consideration the state court proceedings in which he was found to be incompetent, the Court finds that the IRS has shown that Erickson's mental condition is in controversy and that there is good cause for a mental examination. See Schlagenhauf v. Holder, 379 U.S. 104, 114 (1964) (finding that a party seeking a Rule 35 mental examination is required to affirmatively show "good cause" and that the mental condition of the party to be examined is "in controversy").

**IV. Notice of the Motion**

As noted, the Court is authorized to order a mental examination only after appropriate notice is given to the

5

person to be examined. See Fed. R. Civ. P. 35(a). On June 2, 2014, the IRS filed a Notice reflecting that Erickson received the Rule 35 Motion for Mental Examination on May 30, 2014, via Certified Mail. (Doc. # 28). The IRS attached the return Certified Mail card signed by Erickson. (Id.). In addition, on June 12, 2014, the IRS filed a Return of Service document reflecting that Officer Shatraw personally served the Rule 35 Motion for Mental Examination on Erickson's mother via hand delivery, who accepted service for Erickson, on June 6, 2014. (Doc. # 29). The Court accordingly determines that the IRS has given Erickson adequate notice of the relief requested in the Motion.

In addition, as the Court has granted the Motion herein, the Court directs that the IRS personally serve Erickson with this Order in a timely manner prior to the examination.

## V. Rule 35 Specifications

The IRS has fulfilled its duty to outline the "time, place, manner, conditions, and scope of the examination," as well as the person to perform the examination. See Fed. R. Civ. P. 35(a). Dr. Thomas Taylor, M.D., "an expert in the field of forensic psychiatry," will perform the mental examination. (Doc. # 27 at ¶ 4). The examination will take place on July 9, 2014, at 10:30 a.m., at Dr. Taylor's office:

15310 Amberly Drive, Suite 250, Tampa, Florida 33647. (Id. at ¶ 9).

Dr. Taylor will conduct the examination to determine Erickson's competency and ability to understand and respond to the present proceedings. Dr. Taylor will be provided with any information pertinent to Erickson's mental condition in relation to this case and any other information Dr. Taylor deems necessary.

After the examination, Dr. Taylor will provide a report detailing: (1) Erickson's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; (4) the examiner's opinions as to diagnosis and prognosis; and (5) whether Erickson is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc. # 27 at 2). Dr. Taylor's report will also address the following inquires: "Does the Respondent have a rational, as well as a factual understanding of the proceedings against him?" and "Are the Respondent's views or beliefs based upon a mental disease or defect or is he espousing views or beliefs based upon a subculture?" (Id.).

The IRS also indicates that "Upon completion of this examination, Dr. Taylor will prepare a written report," the IRS will furnish the report to the Court and Erickson, and "The United States Attorney's Office ... shall be billed directly for all services rendered in this examination." (Doc. # 27 at 3).

**VI. Conclusion**

For the reasons stated above, the IRS's Motion for Mental Examination Pursuant to Fed. R. Civ. P. 35 is granted. The Motion is supported by good cause and the IRS has demonstrated that Erickson's mental condition is in controversy. Furthermore, the IRS provided Erickson with adequate notice of the Motion, and the Motion complies with the strictures of Rule 35, Fed. R. Civ. P.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The IRS's Motion for Mental Examination Pursuant to Fed. R. Civ. P. 35 (Doc. # 27) is **GRANTED**.

(2) Erickson is commanded to participate in a Rule 35 mental examination to be performed by Dr. Thomas Taylor, M.D. on **July 9, 2014, at 10:30 a.m.** The examination will take place at the Office of Dr. Taylor, which is located at 15310 Amberly Drive, Suite 250, Tampa, Florida 33647. After the examination, Dr. Taylor will provide a

8

      detailed report, which the IRS will furnish to the Court and Erickson.

(3) The IRS is directed to personally serve this Order on Erickson in a timely manner prior to the examination.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of June, 2014.

                                          */s/ Virginia M. Hernandez Covington*
                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record