UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.                                                              Case No. 8:12-mc-121-T-33EAJ

BORIS R. ERICKSON,

  Respondent.
_____/

# MOTION FOR A HEARING TO FINISH THE CONTEMPT PROCEEDINGS

     COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files this motion for a hearing to finish the contempt proceedings. In support thereof, the United States avers the following:

## FACTUAL BACKGROUND

     1.    The undersigned has delineated the lengthy factual background of this case in numerous filings with the Court, and the Court has summarized the factual background of this case at numerous hearings. Dkt. 8, 12, 13, 27, 31 and 42.

     2.    For brevity's sake, the undersign will outline the most pertinent facts that have led to this juncture. The United States petitioned the Court to enforce an IRS summons, which the Court granted. Dkt. 1, 8, 9. Respondent failed to comply with that Court Order, and the United States filed a motion for contempt. Dkt. 12. The Court set a date for a contempt hearing. Dkt. 13. At the initial contempt

hearing, the undersigned learned from the revenue officer that the state court had found Respondent incompetent in some of its proceedings. Dkt. 23. The Court recessed the hearing for 90 days to allow the United States to confirm the state findings and get those state court documents. *Id.*

3. At that second hearing, the undersigned informed the Court that because the state court had found Respondent incompetent, the undersigned needed to file a motion for a Rule 35 exam. Dkt. 26. The Court also found that the United States had met its initial burden for civil contempt. *Id.*

4. The United States filed a motion seeking the mental examination of Respondent (Dkt 27), and the Court ordered the Respondent to participate in it (Dkt. 31).

5. Because of some gamesmanship and tomfoolery by Respondent, the doctor was unable to render a medical opinion as to the competency of Respondent. Thus, the undersigned filed a motion to compel Respondent to participate in another mental examination, which the Court granted. Dkt. 42, 50.

6. On November 4, 2014, the doctor completed his Rule 35 psychiatric evaluation of Respondent. Dkt. 61.

7. On or about November 18, 2014, the undersigned received the completed psychological evaluation of the Respondent, which it forwarded to the Court and Respondent. Dkt. 62. The doctor found that the Respondent is capable of understanding the nature and consequences of the proceedings against him and is capable of assisting properly in his defense.

8. The Court has already found that the United States has met its initial burden for civil contempt. (Dkt. 26). Because of the question of Respondent's competency, the court has been waiting on the psychological report from the doctor to complete the contempt hearing proceedings.

## ARGUMENT

The Court has already held a contempt hearing, finding that the United States met its burden for civil contempt. Dkt. 26. Because of the prior state court findings of incompetency, the parties and the Court have been waiting on the psychological report from the doctor to determine whether or not Respondent is competent to understand the proceedings and aid in his own defense. Since the doctor has now found that the Respondent is competent, the United States moves this court to hold a hearing to allow Respondent the opportunity to comply with this Court's Order and the IRS summons in order to purge himself of contempt; or to proceed with the contempt proceedings and impose sanctions to compel the Respondent to comply with this Court's order. If this Court grants the instant motion and because serving Respondent with the Court's orders is difficult (*see* Dkt 52), the United States would request the Court to hold a hearing in mid-January 2015 to allow plenty of time to serve Respondent.

## Rule 3.01(g) Certification

As Respondent is *pro se* and has been eluding service, I have been unable to contact the Respondent regarding his position on this motion. In an abundance of caution, Petitioner files the motion as opposed.

WHEREFORE, the United States respectfully requests this Court to hold a hearing in mid-January 2015 to finish the contempt proceedings.

                                        Respectfully submitted,

                                        A. LEE BENTLEY, III
                                        United States Attorney

By     *s/ John F. Rudy, III*
          **JOHN F. RUDY, III**
          Assistant United States Attorney
          Florida Bar No. 0136700
          400 North Tampa Street, Suite 3200
          Tampa, Florida 33602
          Telephone:.:  (813) 274-6000
          Facsímile:    (813) 274-6198
          E-Mail:       john.rudy@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished by U. S. Mail, this 18th day of November, 2014, to the following:

        Boris R. Erickson
        9100 Park Boulevard
        Unit 7
        Seminole, Florida 33777

                                        *s/ John F. Rudy, III*
                                       **JOHN F. RUDY, III**
                                       Assistant United States Attorney