```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA,

        Petitioner,

v.                         Case No. 8:12-mc-121-T-33EAJ

BORIS R. ERICKSON,

        Respondent.
_____/

**ORDER**

This cause is before the Court pursuant to the Government's request for Civil Contempt Proceedings. (Doc. # 63). The hearing was held on January 28, 2015. Upon consideration of the record and the testimony presented before the Court, Respondent Boris R. Erickson is held in civil contempt as detailed herein.

**I.  Background**

The Government initiated this action on September 21, 2012, by filing a Petition to Enforce Government Summons. (Doc. # 1). The Government's Petition was supported by the Declaration of Revenue Officer John W. Shatraw (Id. at 8-10), among other things. The Government seeks tax information from Erickson for tax years 2006, through 2010. On October 1, 2012, the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, entered an Order to Show Cause (Doc. # 2), directing Erickson to respond to the Government Summons within twenty

days. The Order noted: "If Respondent objects to the Summons, then Respondent shall appear before the Undersigned on Tuesday, November 27, 2012 . . . to show cause why Respondent should not be compelled to comply with the Government Summons." (Id. at 2).

Erickson appeared before Judge Jenkins on November 27, 2012, and pursuant to that hearing, Judge Jenkins issued a Report and Recommendation (Doc. # 8), in which she recommended that "the Government summonses be enforced as issued, and that Respondent be directed to comply as provided in the summonses." (Id. at 4). No objections to the Report and Recommendation were filed, and on January 7, 2013, this Court entered an Order (Doc. # 9) adopting the Report and Recommendation. In that Order the Court also ruled:

> Respondent shall appear before Revenue Officer John W. Shatraw or any other designated officer of the Internal Revenue Service, at the date, time, and place, hereafter fixed by Revenue Officer Shatraw, or his designee, to give testimony and produce for examination and copying the books, records, papers, and other data as demanded by the relevant summons. Failure to timely and completely comply with the terms of this Order may lead to the initiation of contempt proceedings.

(Id. at 3). The Clerk entered a Judgment in favor of the Government and against Erickson on January 7, 2013. (Doc. # 10).

Thereafter, on December 17, 2013, the Government moved for an order to show cause why Erickson should not be held in contempt because he failed to produce the books, records, and other data demanded by the Government. (Doc. # 12). The Government, once again, supported its motion with the Declaration of Revenue Officer Shatraw. (Doc. # 12-1). Judge Jenkins entered an Order to Show Cause on January 15, 2014, and commanded Erickson to appear at a hearing before this Court on February 13, 2014. (Doc. # 13).

In response, Erickson filed nonresponsive documents. (Doc. ## 15-17). This Court held contempt hearings on February 13, 2014, and May 22, 2014, but could not resolve the matter as the Government raised an issue regarding Erickson's competency. (Doc. # 23). According to the Government, numerous state court tribunals have found Erickson incompetent to proceed in a variety of prosecutions ranging from 2005, to 2010, such as scheming to defraud, issuing a worthless check, failing to appear, and resisting an officer without violence as well as for traffic violations and drug charges. (See Doc. # 25).

This Court found that a Rule 35 mental examination of Erickson was necessary. (Doc. # 31). On June 19, 2014, the Court entered an Order granting the IRS's Motion for Mental Examination, which required Erickson be examined on July 9,

2014. (Id.). In a Court Ordered status report dated August 5, 2014, the Government indicates that (1) "Erickson did appear for his mental examination on July 9, 2014;" (2) "Erickson failed to answer any questions;" and (3) the examining physician "said he sent a copy of his report to the Court and the United States on Thursday, July 31, 2014." (Doc. # 40). On September 5, 2014, the Government filed a Motion to compel completion of the Rule 35 Mental Examination. (Doc. # 42). On September 25, 2014, Judge Jenkins granted the Motion to Compel and directed the Government to coordinate with this Court's chambers. (Doc. # 47). On October 17, 2014, this Court ordered the following:

> Erickson to cooperate, participate in, and complete a Rule 35 mental examination, performed by Donald Taylor, Jr., M.D. on November 5, 2014, at 2:00 P.M. The examination will take place at the United State Courthouse, 801 N. Florida Ave., Tampa, Florida, Courtroom 14(B). After the examination, Dr. Taylor will provide a detailed report, which the Government will furnish to the Court and Erickson. If Erickson fails to appear or refuses to cooperate in the mental examination on November 5, 2014, at 2:00 P.M., the Court shall immediately conduct a hearing on Erickson's non-compliance with this Court's Order. The Government is directed to personally serve this Order on Erickson in a timely manner prior to the examination.

(Doc. # 50). The Rule 35 examination took place on November 5, 2014. Dr. Donald Taylor issued his report on November 12, 2014. Dr. Taylor stated in his report that "the purpose of

4

this re-evaluation was to render an opinion regarding the respondent's competence to understand the nature and consequences of the proceedings against him and to assist properly in his defense." Dr. Taylor rendered his opinion as follows: "It is my opinion within a reasonable degree of medical certainty that the respondent is capable of understanding the nature and consequences of the proceedings against him and is capable of assisting properly in his defense." Thereafter, on November 18, 2014, the Government filed its Motion for Hearing to Finish the Contempt Proceedings, which this Court granted. (Doc. ## 63, 64). A hearing was held on January 28, 2015.

## II.  Legal Standard

The Secretary of the Treasury has the authority to issue administrative summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability[.]" 26 U.S.C. § 7602(a).[1] In furtherance of this purpose, the

---

[1] The Secretary delegated the authority to issue third-party summonses to the IRS, which, in turn, re-delegated that authority to its agents. Anderson v. United States, 236 F. App'x 491, 496 (11th Cir. 2007); La Mura v. United States,

5

Government can summon any person having possession, custody, or care of records or other documents relating to the tax liability of the taxpayer being investigated. Id. The district courts of the United States have the authority to enforce summonses issued by the IRS. See 26 U.S.C. §§ 7402(b), 7604. Whenever any person summoned under the applicable provisions neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the government may apply to a district court judge for an attachment against the taxpayer as for a contempt. 26 U.S.C. § 7604.

If, after hearing the application, the judge finds that the government presented satisfactory proof, the judge has the duty to issue an attachment, directed to the proper officer, for the arrest of such person, and upon his being brought before the judge to proceed to a hearing of the case. Id. Upon such hearing, the judge shall have the power to enter an order he or she deems proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons as well as to punish the taxpayer for his default or disobedience. Id. The penalties

---

765 F.2d 974, 978-79 (11th Cir. 1985); 26 U.S.C. §§ 7602, 7609, 7801; 26 C.F.R. § 301.7701-9.

6

for failure to comply with the summons include a fine of not more than $1,000 or imprisonment not more than 1 year, or both, together with costs of prosecution.  26 U.S.C. §§ 7604(c)(2), 7210.

"Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949). "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings, but, rather, the disobedience to orders of the Judiciary. Chambers, 501 U.S. at 44 (citing Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798 (1987)). Notwithstanding the court's inherent power, 18 U.S.C. § 401 provides that a court of the United States has the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority as "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice" or "[d]isobedience or

7

resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(1) & (3).

A party seeking civil contempt must establish by **clear and convincing evidence** that the purported contemnor violated the court's prior order. United States v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988)(emphasis added). Once the party seeking contempt makes this *prima facie* showing, the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply, which requires more than a mere assertion of inability to comply. Id. at 701 (emphasis added). Instead, the alleged contemnor must show he has, in good faith, made all reasonable efforts to comply with the order. Id.  If the alleged contemnor makes a sufficient showing, the burden then shifts back to the party seeking to show contempt to prove ability of the alleged contemnor to comply with the court's prior order. Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992).

### III. Discussion

In this instance, the Government requests the Court hold Erickson in civil contempt for violating the Court's January 7, 2013, Order. (Doc. # 12). Specifically, the Government seeks Erickson's incarceration to compel his compliance with the Court's Order and the IRS summons. (Id.). The Government

8

indicates: "Because of [Erickson's] evasiveness, indifference and pococurante attitude to the Government and this Court's Order, the undersigned attorney recommends incarceration to compel [Erickson's] compliance with the summons." (Id. at 3).

The Government has met its initial burden for civil contempt by producing the declaration of Revenue Officer Shatraw establishing clearly and convincingly that Erickson did not comply with the Court's January 7, 2013, Order enforcing the IRS Summons. (Doc. # 26). Furthermore, Revenue Officer Shatraw testified at the November 27, 2012 hearing before Judge Jenkins to establish Erickson's failure to comply with this Court's Order. (Doc. # 7). As previously stated, once the petitioner makes a *prima facie* showing of a violation, the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply. United States v. Plath, No. 03-60439-CIV., 2003 WL 23138778, at *3 (S.D. Fla. Oct. 29, 2003)(citing United States v. Rylander, 460 U.S. 752, 755 (1983)). This burden of production is not satisfied by a "mere assertion of inability." Id. (quoting United States v. Hayes, 722 F.2d 723, 725 (11th Cir.1984)). Rather, in this Circuit, a party subject to a court's order demonstrates inability to comply only by showing that he has made "in good faith all reasonable efforts to comply." Id. The showing required by the rigorous

9

"all reasonable efforts to comply" standard is a substantial one. Id. at 702.

Erickson has failed to satisfy his burden of producing evidence explaining his noncompliance with this Court's Order. Erickson testified at the hearing on January 28, 2015, that the documents requested from him in the relevant time period have been lost or destroyed. However, Erickson went on to later state that he did not even know the extent of the documents the Government was requesting from him as he failed to even read the IRS Summons. This Court finds Erickson's proffered explanation is not credible. He has not satisfied his burden of compliance with this Court's Order as he has not even attempted to do so. Even assuming Erickson could meet his burden showing that he was unable to comply, the Government has countered that Erickson could obtain statements from his bank simply by requesting them and has chosen not to do so. Therefore, this Court holds Erickson in contempt of Court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Erickson is held in contempt for failing to comply with the Court's January 7, 2013, Order. (Doc. # 9).

(2) Erickson has until and including **February 17, 2015**, to purge himself of the contempt by complying with the

10

       Court's Order and appearing before the Revenue Officer with all documents, papers, records, and data, no matter how they are stored, as requested in the relevant IRS Summons.

(3) If Erickson has not purged the contempt by **February 17, 2015,** Erickson shall incur a fine of $100.00 per day for no more than 10 days payable to the Clerk of the Court until the contempt is purged.

(4) If the total fine reaches $1,000.00 and Erickson has still not complied with the Court's Orders, **the Court will enter an arrest warrant for Erickson (upon the Government's Motion and proposed arrest warrant) and Erickson will be incarcerated** until such time as he fully complies with the Court's Orders and produces all documents, papers, and records, no matter how they are stored, requested within the relevant IRS Summons as well as appear in person and provide such testimony as requested.

(5) The Government is directed to ensure personal service of this Order is made upon Erickson. Once completed, the Government is required to file a proof of service with this Court.

11

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>30th</u> day of January, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:     All Counsel and Parties of Record
            Boris R. Erickson (By Mail)